William D. McCann, Esq. NV Bar #12038
2589 Wild Horse Road #6
Minden, NV 894234
(925) 998-8099
wdmccann@aol.com

Attorney for Plaintiff Go Ped Ltd.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEVADA

| | |
|---|---|
| GO PED LTD. A Nevada Corporation,<br><br>    Plaintiff,<br><br>    vs.<br><br>EQUALIA LLC, a California Limited Liability Company, and HOVERBOARD TECHNOLOGIES CORPORATION, a California Corporation,<br><br>    Defendants. | Case No.<br><br>**COMPLAINT FOR INJUNCTION AND DAMAGES FOR:**<br>**(1) Federal Unfair Competition and False Designation of Origin;**<br>**(2) Nevada Statutory Unfair Competition; and**<br>**(3) Common Law Unfair Competition**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff GO PED LTD., a Nevada Corporation alleges as follows:

**NATURE OF THE ACTION**

This is an action to redress false designation of origin, and unfair competition in violation of federal trademark law, 15 U.S.C. § 1125, unfair and fraudulent business practices, statutory unfair competition, unlawful infringement of a registered trademark, and common law unfair competition under Nevada state law, as more fully set forth hereinafter.  Plaintiff seeks injunctive relief restraining unfair competition by Defendants, damages as the direct and proximate result thereof, and related relief.

**THE PARTIES**

1. Plaintiff GO PED LTD. is a corporation organized under the laws of the State of

Complaint

1

1 Nevada and is in the business of manufacturing and selling motorized two-wheel scooters.

2. Defendant EQUALIA LLC is a limited liability company organized under the laws of the State of California with a principal business address of 380 Logue Avenue, Mountain View, California. Said Defendant purports to be in the automaton, electric vehicle, and control system consumer marketplace.

3. Defendant HOVERBOARD TECHNOLOGIES CORPORATION is a California corporation with a principal place of business located at 11230 Bubb Road, Cupertino, California. Said Defendant purports to be in the business of developing, marketing, and selling personal transportation vehicles, including scooters.

4. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto, each of the Defendants was the agent, affiliate, director, manager, principal, partner, joint venture, and/or alter-ego of the other Defendant and was at all times acting within the scope of such agency, affiliate, director, manager, principal, partner, joint venture, and/or alter-ego relationship and actively participated in, profited from, or subsequently ratified and adopted, the acts or conduct alleged herein with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of the violations of Plaintiff's rights and damages to Plaintiff proximately caused thereby.

**JURISDICTION AND VENUE**

5. This Court has original jurisdiction over the subject matter in Claim One of this action pursuant to 28 U.S.C. §§ 1331 and 1338, and has supplemental jurisdiction over the related state and common law claims pursuant to 28 U.S.C. §§ 1338(b) and 1367.

6. Upon information and belief, Defendants, either directly or through their agents, transact and have transacted business within the State of Nevada and within this judicial district. Defendants expected, or should reasonably have expected, their acts to have consequences in this judicial district and to cause injury to Plaintiff in this judicial district, subjecting them to the personal jurisdiction of this Court.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c), as (i) Defendants are doing business in this judicial district and therefore reside and/or may be found in

this district, (ii) a substantial part of the events giving rise to the claims alleged herein occurred in this district, and/or (iii) the infringement and/or unfair competition occurred in this judicial district.

## ALLEGATIONS COMMON TO ALL COUNTS

### Defendants' False Designation of Origin

8.    Plaintiff GO PED LTD. or its predecessors and licensors, has originated, developed, manufactured, distributed and sold a line of two-wheeled motorized scooters branded with the mark HOVERBOARD.  These scooters are sold and distributed not only in the State of Nevada, but nationally and internationally.  Plaintiff is the exclusive licensee of the mark for use in connection with portable motor scooters.  The Patmont Revocable Trust is the owner of the trademark HOVERBOARD, which is protected by Federal Registration 77683653 for use in connection with portable motor scooters; said registration is incontestable under federal law.

9.    Scooters branded with HOVERBOARD have been extensively advertised, marketed, and sold throughout the United States through Plaintiff's nationwide network of distributors, as well as online via the Internet.  The HOVERBOARD mark has become well-known among consumers of scooters.

10.    Plaintiff GO PED LTD. has invested substantial monies in advertising and promoting its scooters bearing the HOVERBOARD brand.

11.    Upon information and belief, in or about early 2015 Defendants adopted the mark HOVERBOARD as a trademark for a one-wheeled scooter manufactured by them.

12.    In or around the summer of 2015 Defendants launched a Kickstarter campaign to crowdsource funds for its enterprise.  In the pages promoting the campaign Defendants referred to their company as "Hoverboard Technologies, Inc." and referred to their product as a "Hoverboard" (capital "H") and, among other things burnished its brand by boasting that its trademark is equivalent to a famous technology brand by claiming "a Hoverboard is a Tesla." Plaintiff is informed and believes and thereon alleges that the Kickstarter campaign sought funders from everywhere, including within this judicial district of Nevada.

13.    Plaintiff also launched a website at www.hoverboard.com that prominently uses

the HOVERBOARD mark to promote its competitive products. Said website is directed at consumers everywhere, including Nevada, and Plaintiff is informed and believes and thereon alleges that consumers in this judicial district in Nevada have visited both the latter website and the infringing Kickstarter web pages.

**FIRST CLAIM FOR RELIEF**
**Federal Unfair Competition and False Designation of Origin**
**15 U.S.C. § 1125(a)**

14. Paragraphs 1-13 are incorporated by reference as though set forth in their entirety herein.

15. Defendants' use of HOVERBOARD is a false designation of origin, and/or a false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff GO PED LTD., or as to the origin, sponsorship, or approval of Defendants' goods or commercial activities in violation of 15 U.S.C. § 1125(a)(1)(A).

16. As a direct and proximate result of Defendants' actions, Plaintiff GO PED LTD. has been damaged in the amount that Defendants have profited from the sale of infringing goods and other damages. On information and belief, unless Defendants are restrained by this Court, Defendants will continue and/or expand the activities alleged above, causing great and irreparable damage and injury to Plaintiff GO PED LTD. through (a) causing a likelihood of confusion, mistake, or deception among the public as to the affiliation, connection, or association of Defendants with Plaintiff GO PED LTD.; and (b) causing a likelihood of confusion, mistake, or deception among the public as to the origin, sponsorship, or approval of Defendants' goods or commercial activities with Plaintiff GO PED LTD.

17. Defendants' acts of unfair competition and false designation of origin have caused, and are causing, great and irreparable injury to Plaintiff in an amount that cannot be ascertained at this time and, unless restrained, will cause further irreparable injury, leaving Plaintiff with no adequate remedy at law.

18. By reason of the foregoing, Plaintiff is entitled to injunctive relief against Defendants, restraining further acts of unfair competition, false designation of origin, and false

advertising, and to recover attorneys' fees and any damages proven to have been caused by reason of Defendants' aforesaid acts of unfair competition and false designation of origin.

**SECOND CLAIM FOR RELIEF**
**Nevada Statutory Unfair Competition**
**NRS 598 A** *et sequitur*

19. Paragraphs 1-18 are incorporated by reference as though set forth in their entirety herein.

20. Defendants' activities complained of herein constitute unfair, deceptive, and unlawful practices in violation of NRS 598A.060 to the injury of Plaintiff and the public.

21. The conduct of Defendants as alleged herein will, unless restrained, damage Plaintiff GO PED LTD. in an amount to be determined at trial and cause irreparable harm. Plaintiff GO PED LTD. is entitled to receive from Defendants any money Defendants have received or acquired as a result of their unfair competition.

22. Plaintiff has been damaged in an amount to be proven at trial, and Plaintiff GO PED LTD. is entitled to an accounting of Defendants' profits as well as enhanced remedies as provided by law for Defendants' willful conduct.

**THIRD CLAIM FOR RELIEF**
**Common Law Unfair Competition**

23. Paragraphs 1-22 are incorporated by reference as though set forth in their entirety herein.

24. Defendants' activities complained of herein constitute unfair and unlawful practices in violation of the common law of the State of Nevada to the injury of Plaintiff and the public.

25. The conduct of Defendants as alleged herein will, unless restrained, damage Plaintiff in an amount to be determined at trial and will cause irreparable harm.

26. Plaintiff has been damaged in an amount to be proven at trial, and Plaintiff is entitled to an accounting of Defendants' profits as well as enhanced remedies as provided by law for Defendants' willful conduct.

27. By engaging in the conduct as herein above alleged, Defendants have acted

willfully, maliciously, oppressively, and fraudulently, and Plaintiff is therefore entitled to punitive damages in an amount according to proof.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

1. That Defendants, and each of their agents, employees, licensors, licensees, affiliates, any parent and subsidiary corporations, attorneys and representatives and all those in privity or acting under their direction and/or pursuant to their control, be enjoined and restrained, preliminarily and permanently, from directly and indirectly:

   a. Manufacturing, producing, sourcing, importing, selling, offering for sale, distributing, advertising, or promoting any goods that bear the HOVERBOARD mark as to be likely to cause confusion, mistake, or deception in connection with products that have not been approved or sponsored by Plaintiff GO PED LTD. or do not originate from Plaintiff or Plaintiff's exclusive licensor;

   b. Using any word, symbol, design, designation, or other device that is likely to cause confusion, mistake, or deception as to an affiliation or association of Defendants or their goods with Plaintiff GO PED LTD.

   c. Otherwise competing unfairly with Plaintiff GO PED LTD in any manner; and

   d. Continuing to perform in any manner whatsoever any of the wrongful acts complained of in this Complaint.

2. That a preliminary injunction issue under 15 U.S.C. § 1116 and NRS 598A enjoining and restraining Defendants and those acting at their direction from using the HOVERBOARD mark any manner, including as described above.

3. That Defendants, their agents, servants, employees, representatives, attorneys, subsidiaries, related companies, successors, assigns, and all others in active concert or participation with Defendants, be ordered to deliver to Plaintiff for destruction all products and materials bearing or displaying the HOVERBOARD mark.

4. That Defendants, their agents, servants, employees, representatives, attorneys,

subsidiaries, related companies, successors, assigns and all others in active concert or participation with Defendants, take affirmative steps to dispel such false impressions that heretofore have been created by Defendants' infringement the HOVERBOARD mark.

5. That Plaintiff recover from Defendants damages in an amount to be proven at trial, and that Defendants account to Plaintiff for Defendants' profits arising from the foregoing acts of infringement, false advertising, false designation of origin, and unfair competition.

6. That Defendants pay a sum equal to three times Defendants' profits and Plaintiffs' damages or such amount as the Court may in its discretion deem reasonable and just pursuant to 15 U.S.C. 1117 (a).

7. That Plaintiff be awarded punitive damages as authorized under California common law in view of Defendants' intentional and willful infringement of Plaintiff's HOVERBOARD mark.

8. That Plaintiff be awarded its costs, including its reasonable attorneys' fees and disbursements, in this action pursuant to 15 U.S.C. § 1117(a).

9. That Plaintiff have such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial of all issues in the above-captioned action which are triable to a jury.

Respectfully submitted,

November 4, 2015  
Genoa, Nevada

*/s/ William D. McCann*  
William D. McCann, Esq.  
Attorneys for Plaintiff Go Ped Ltd.